981 F.2d 1252
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marvin HOOKER, Jr., Defendant-Appellant.
 No. 92-5014.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 30, 1992
Decided: December 17, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.
 Edward Grey Bailey, Charles K. Medlin Jr., for Appellant.
 Margaret Person Currin, United States Attorney, Eric Evenson, Assistant United States Attorney, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before WILKINS and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Marvin Hooker, Jr., appeals the sentence he received after his guilty plea to conspiracy to possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 846 (West Supp. 1992). We affirm.
 
 
 2
 Hooker initially entered a plea of not guilty. He changed his plea after presentation of the government's case at trial. Co-conspirator Michael Carr testified for the government at Hooker's truncated trial, as did Hooker's girlfriend, Courtrina Denise Dillahunt. Their testimony established that Hooker sold drugs, including crack, and that Carr had helped transport cocaine from New York to North Carolina for delivery to Hooker on three occasions prior to June 11, 1991, when he was arrested in Maryland on his way to deliver a kilogram of cocaine and a kilogram of marijuana to Hooker.
 
 
 3
 Hooker contends on appeal that the district court erred in determining his offense level by considering amounts of drugs which Carr testified were delivered to Hooker prior to the date Carr was arrested. Hooker argues that Carr's testimony was too unreliable to establish the amount of drugs, and that only the cocaine and marijuana seized at the time of his arrest should have been considered. Reviewing the district court's determination of the amount of drugs involved in the offense under the clearly erroneous standard, United States v. Goff, 907 F.2d 1441, 1444 (4th Cir. 1990), we find no clear error in the court's consideration of the amounts previ ously delivered. Carr expressed uncertainty only about the amount he helped transport on the first trip, a fact taken into account by the probation officer. Moreover, Hooker presumably knew what the correct amounts were, but provided no evidence which would have shown Carr's testimony to be inaccurate or to establish the correct amounts. A defendant who challenges information in the presentence report has the burden of showing that it is inaccurate by more than mere allegation. United States v. Terry, 916 F.2d 157 (4th Cir. 1990).
 
 
 4
 Hooker also contends that the district court erred in awarding him a two-level increase for having an aggravating role in the offense. United States Sentencing Commission, Guidelines Manual, § 3B1.1(c) (Nov. 1991). We again review for clear error. United States v. Sheffer, 896 F.2d 842 (4th Cir.), cert. denied, 59 U.S.L.W. 3246 and 59 U.S.L.W. 3362 (U.S. 1990). After Carr was arrested, he made a monitored phone call to Hooker in which he told Hooker that the car he was driving (which belonged to Hooker) had broken down on I-95 in Maryland. Hooker berated Carr for taking a route other than the one he had been instructed to take, and told him to stay where he was until Hooker could get there. We find no error in the district court's decision that this evidence showed that Hooker acted as a leader or supervisor in the offense, at least in relation to Carr.
 
 
 5
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED